# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Philip Shuler,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>South Carolina Department of Corrections; Warden Donald Beckwith, individually and/or in his official capacity as warden at Wateree River Correctional Institution; Associate Warden Tonya James, individually and/or in her official capacity as associate warden and/or major of security at Wateree River Correctional Institution; and Major [unknown] Parrish, individually and/or in his/her official capacity as an employee of SCDC;<br><br>　　　　　　Defendants. | C/A No.: 5:19-cv-00126-JMC-KDW<br><br><br><br>**ORDER** |

This matter is before the court on Plaintiff Philip Shuler's Motion to Consolidate under Fed. R. Civ. P. 42(a). ECF No. 11. Shuler seeks to consolidate this case with *Shuler v. Shamika Ann Rowley*, Case No. 5:17-cv-03423-JMC-KDW. *See id*. at 1. Defendants have not filed a Response to Plaintiff's Motion. For the reasons that follow, Plaintiff's Motion is **denied.**

Under Rule 42(a)-

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "District courts enjoy broad discretion under Rule 42(a) to consolidate cases pending in the same district, though must exercise such discretion within certain guidelines."

*Trotter Site Preparation, LLC v. Local 470, Int'l Union of Operating Engineers*, No. C/A 1:09-2371-JFA, 2010 WL 200788, at *1 (D.S.C. Jan. 14, 2010). According to the Fourth Circuit, the "critical question" in deciding whether to consolidate cases is:

> whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing Fed. R. Civ. P. 42; 9 C. Wright and A. Miller, Fed. Prac. & Procedure: Civil § 2383 (1971)).

In his Motion, Plaintiff contends that the factors outlined in *Arnold* support consolidation, and he essentially argues that "a single proceeding will be more time and cost effective to all parties involved, especially considering that both cases are already before the same district judge and magistrate judge." *See* ECF No. 11 at 2-3. The court first finds that—consistent with Rule 42(a)'s threshold requirement—both the instant case and *Shuler v. Rowley* have common questions of fact in addition to common questions of law under 42 U.S.C. § 1983. *See* Fed. R. Civ. P. 42(a); *see also* ECF No. 1-1 at 4-19; *Shuler v. Rowley,* C/A No. 17-cv-3423, ECF No. 23 at 1-8. But the court disagrees with Plaintiff and finds no benefit to judicial economy by consolidation especially where, as here, the cases are "procedurally [ ] at vastly different stages of litigation." *Viesti Assocs. v. McGraw-Hill Cos.*, Civil Case No. 11-cv-01237-REB-DLW, 2012 U.S. Dist. Lexis 60461 at *1 (D. Colo. May 1, 2012). *Shuler v. Rowley* was removed to this court on December 19, 2017, the deadline for discovery was December 17, 2018, and dispositive motions were due on March 4, 2019, just four days ago. *See* C/A no. 17-cv-3423, ECF Nos. 1, 49, 80. By contrast, the instant case was removed to this court less than two months ago on January 15, 2019, discovery is not due for over four months, and dispositive motions are not due for almost five months. ECF No. 1; *see*

*also Lee Memorial Health System, Plaintiff v. Lexington Insurance Company, et al,* Case No. 2:18-cv-617-FtM-38UAM, 2019 WL 1082370, at *2 (M.D. Fla. March 7, 2019). Given the considerably advanced stage of the litigation in *Shuler v Rowley*, consolidation of that case with the instant case would result in an "unnecessary . . . delay" not outweighed by potential gains in judicial economy. Rule 42(a)(3); *See Viesti Assocs.*, 2012 U.S. Dist. Lexis 60461 at *3 ("Whatever efficiencies might have been gained by consolidation are outweighed in this instance by the delay and concomitant prejudice that would attend an attempt to merge these two actions.")

Accordingly, Plaintiff's Motion to Consolidate, ECF No. 11, is **denied**. By denying Plaintiff's Motion to Consolidate, the court also **denies**, as moot, Plaintiff's Consent Motion to Stay the Scheduling Order. ECF No. 14.

**IT IS SO ORDERED.**

March 8, 2019                                   Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge