# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| Philip Shuler, ) | Civil Action No.: 5:19-cv-126-SAL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DEFENDANT ROWLEY'S** |
| South Carolina Department of Corrections; Warden ) | **NOTICE OF MOTION AND MOTION** |
| Donald Beckwith, individually and/or in his official ) | **TO FILE UNDER SEAL** |
| capacity as warden at Wateree River Correctional ) | |
| Institution; Associate Warden Tonya James, ) | |
| individually and/or in her official capacity as associate ) | |
| warden and/or major of security at Wateree River ) | |
| Correctional Institution; Major [unknown] Parrish, ) | |
| individually and/or in his official capacity as an ) | |
| employee of SCDC; and Shamika Ann Rowley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant Shamika Rowley, with the consent of counsel for all parties, hereby moves for leave, pursuant to Local Civil Rule 5.03, to file under seal this Defendant's Exhibit E (Certain Deposition Excerpts that were Designated Confidential) to this Defendant's Motion for Summary Judgment (ECF No. 63).

## DISCUSSION

Plaintiff originally filed suit against this Defendant on, or about, November 27, 2017 in the Court of Common Pleas for the County of Lancaster. *See* ECF No. 1 in C/A 5:17-cv-03423. In his original Complaint, Plaintiff set forth claims against this Defendant under 42 U.S.C. § 1983 alleging violations of his constitutional rights. *Id*. This Defendant timely removed the matter to federal court. *Id*. The parties then proceeded into extensive discovery, which included the depositions of Plaintiff and several other incarcerated individuals. *See* ECF No. 58 in C/A 5:17-cv-03423. Additionally, Plaintiff and this

1

Defendant entered into a Joint Motion for Confidentiality Order, which was entered by the Honorable Kaymani D. West on December 27, 2017. *See* ECF No. 8 in C/A 5:17-cv-03423. The Confidentiality Order included that portions of depositions taken in this matter could be designated as confidential. *Id*. During the deposition of Plaintiff and the other incarcerated individuals, the parties agreed to designate portions of the testimony confidential under the Confidentiality Order.

Subsequently, Plaintiff filed a separate lawsuit involving, in part, the same factual nexus as the lawsuit he had filed against this Defendant. *See* C/A 5:19-cv-00126. After that matter was removed to federal court, Plaintiff was Amended the Complaint to add this Defendant as a party to that suit. *See* ECF No. 22, 25 and 29 in C/A 5:19-cv-00126. The discovery conducted in C/A 5:17-cv-03423 was eventually exchanged in 5:19-cv-00126, and the parties to 5:19-cv-00126 also entered into a Consent Confidentiality Order, which was granted by Judge West and entered on April 10, 2019. *See* ECF No. 26, 27, and 28 in C/A 5:19-cv-00126.[1]

Recently this Defendant filed a motion for summary judgment. *See* ECF No. 63. In support of that motion, this Defendant relies on several excerpts from depositions taken during the pendency of the litigation that were designated confidential under the applicable Confidentiality Order(s). *See* ECF No. 63-6.[2] This Defendant now moves for leave to file those confidential deposition excerpts under seal with the court pursuant to Local Civil Rule 5.03.

## **ANALYSIS**

Local Civil Rule 5.03 requires the moving party to "(1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford

---

[1] Any further ECF docket references in this filing will be to C/A 5:19-cv-00126.
[2] Copies of the subject deposition excerpts have been provided to the Court and to counsel for all parties.

adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law."[3]

This Defendant is moving for leave to file under seal excerpts from the August 18, 2018 deposition of Plaintiff and excerpts from the December 11, 2018 deposition of an incarcerated person who has been referred to as "Inmate 3" throughout the pendency of this litigation. *See* Exhibit A (non-confidential descriptive index). Specifically, this Defendant seeks to file under seal pages 1-3, 150-152, and 175 of the August 18, 2018 deposition of Plaintiff, and pages 1-3, 22-30, 40-41, and 52-54 of the December 11, 2018 deposition of "Inmate 3." The testimony contained on those pages was designated confidential by the parties contemporaneous with the taking of said depositions pursuant to the applicable Confidentiality Order(s), and was designated confidential to protect the safety and well-being of the incarcerated individuals that were deposed, based on their asserted belief that they could face retaliation by other incarcerated persons if that testimony was not held confidential. So, this Defendant asserts that leave to file these documents under seal is necessary to comply with the Confidentiality Order(s) under which they were designated confidential, as well as to provide the requested protection to the incarcerated persons.

This Defendant is not aware of a less drastic alternative to filing this testimony under seal, as redaction of the subject matter of the testimony would prevent the parties and the court from having access to the information, which is pertinent to the claims and defenses at issue in this matter. While it is true that there is "a common law right to inspect and copy judicial records and documents," that right is "not absolute." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1311 (1978). As the Fourth Circuit stated in

---

[3] This Defendant asserts that a full explanation of the motion is set forth herein and therefore a separate memorandum would serve no useful purpose. *See* Local Civil Rule 7.04.

*Knight*, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by compelling interests." *Id*. In analyzing whether or not to exercise that power, a trial court should consider "whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id*.

This Defendant asserts that in the instant case an analysis of the applicable factors clearly weighs in favor of sealing the subject information. The testimony at issue is important and relevant to the matters pending between the parties in the instant litigation, but it is not information related to any matter of overwhelming public importance or to an important historical event. Furthermore, upon information and belief, the public has not had access to this information to date, because the information is not of a public nature and was gained under the protections of the above-referenced Confidentiality Orders

## CONCLUSION

Wherefore, based on the forgoing, this Defendant, with the consent of counsel for all parties, states that the documentation in question should be filed by the Court under seal.[4]

Respectfully submitted,

SMITH | ROBINSON

*s/ Daniel C. Plyler*
DANIEL C. PLYLER
2530 Devine Street
Columbia, South Carolina 29205
Daniel.Plyler@SmithRobinsonLaw.com
T: 803-254-5445
F: 803-254-5007

*Counsel for Defendant Rowley*

Columbia, South Carolina
April 28, 2020

---

[4] Counsel for this Defendant certifies compliance with Local Civil Rule 5.03 and 7.02.