UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **Philip Shuler**, <br><br> Plaintiff, <br><br> v. <br><br> **South Carolina Department of Corrections**; **Warden Donald Beckwith**, individually and/or in his official capacity as warden at Wateree River Correctional Institution; **Associate Warden Tonya James**, individually and/or in her official capacity as associate warden and/or major of security at Wateree River Correctional Institution; and **Major James Wakeley**, individually and/or in his official capacity as an employee of SCDC; and **Shamika Rowley**; <br><br> Defendants. | № 5:19-cv-126-SAL-KDW <br><br> **Memorandum in Support of Motion to Seal** |

### Introduction, Background

The introduction and background of Shuler's Response in Opposition to Rowley's Motion for Summary Judgment is incorporated herein by reference.

### Argument

Under Local Rule 5.03 a party seeking to file documents under seal must file a memorandum that: (1) identifies, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

The Plaintiff proposes the following be filed under seal:

**Exhibit A – Excerpts of transcript of December 13, 2018 deposition of Defendant Shamika Rowley (pp. 30-31, 35-36, 39-44, 48-51, 83-87, 91-93, 100, 102, 123-126, 128-129, 135, 146, 151-152, Ex 9).**

These excerpts consist of testimony the parties agreed to keep confidential. Disclosure of this testimony would risk Shuler's life and safety. No less drastic alternative will offer adequate protection, as practically the entire excerpt would require redaction.

**Exhibit B – Excerpts of transcript of August 10, 2018 deposition transcript of Plaintiff Philip Shuler ("Shuler I") (pp. 106-108, 111-113, 119-121, 125-126, 129-139, 146-163, 167, 169-174, 185, 188, 191, 195, 199-200, 204-213, 216, Ex 4)**

These excerpts consist of testimony the parties agreed to keep confidential. Disclosure of this testimony would risk Shuler's life and safety. No less drastic alternative will offer adequate protection, as practically the entire excerpt would require redaction.

**Exhibit C – Excerpts of transcript of December 16, 2019 deposition transcript of Defendant Philip Shuler ("Shuler II") (pp. 7-8, 16-17, 20, 25-30, 34-40, 43-48).**

These excerpts consist of testimony the parties agreed to keep confidential. Disclosure of this testimony would risk Shuler's life and safety. No less drastic alternative will offer adequate protection, as practically the entire excerpt would require redaction.

**Exhibit D – Excerpts of transcript of November 8, 2018 deposition transcript of Inmate 1 (pp. 8-9).**

These excerpts consist of testimony the parties agreed to keep confidential. Disclosure of this testimony would risk Shuler's life and safety. No less drastic alternative will offer adequate protection, as redaction would render the excerpt incomprehensible.

**Exhibit E – Excerpts of transcript of December 11, 2018 deposition of Inmate 3 (pp. 23-35, 41-42, 50-51, 63, 69-71, 78-79, 84-85).**

These excerpts consist of testimony the parties agreed to keep confidential. Disclosure of this testimony would risk Shuler's life and safety. No less drastic alternative will offer adequate protection, as redaction would render the excerpt incomprehensible.

**Exhibit F – Excerpts of transcript of December 5, 2019 deposition of Defendant Donald Beckwith (pp. 49-50, 70-78, 107-110, Ex B, Ex C, Ex D, Ex E, Ex F, Ex G, Ex H, Ex I, Ex J).**

These excerpts consist of testimony the parties agreed to keep confidential. No less drastic alternative will offer adequate protection, as redaction would render the excerpt incomprehensible.

**Exhibit G – February 23, 2018 declaration of Plaintiff Philip Shuler's mother.**

This is filed with Shuler's mother's name redacted, to protect her from threats from inmate gangs. (Shuler I depo p. 130; Shuler II depo pp. 16, 20, 25). No less drastic alternative will offer adequate protection.

**Exhibit H – Defendant Rowley's June 29, 2018 Supplemental and/or Amended Answers to Plaintiff's Second Set of Interrogatories**

Defendant Rowley requested her responses be kept confidential, and redaction of her responses would erase all pertinent information from this document.

**Exhibit I – Excerpts of SCDC's response to Shuler's 1st subpoena (bates 10328-SCDC Sub Resp-1576, 1594, 1596, 1597, 1661, 1747, 1748, 1774, 1858, 1871, 2198, 2199, 2202, 2214, 2215, 2219, 2222, 2240, 2290, 2318-2320, 2328-2349).**

These documents consist of an excerpt of SCDC Police Services Investigative Report 32-2017-070, which involves the investigation of Inmate 3's phone and his contacts with Defendant Rowley and former CO Carnethia Abrams. SCDC has designated this report as confidential, and this Court has previously held this report must be kept confidential. *Shuler v. Rowley*, No. 5:17-cv-03423-JMC-KDW (Order dated October 10, 2018).

**Exhibit J – Excerpts of SCDC's response to Shuler's 2nd subpoena (bates 10328-SCDC Second Sub Resp-001-003, 181, 185-188).**

Bates 001 to 003 of this excerpt consist of the room records for Inmates 1, 2, & 3, whose names must be kept confidential for Shuler's safety, and the safety of his family. No less drastic alternative will offer adequate protection, as practically all information will need to be redacted from these documents.

The remainder of this document consists of an excerpt of SCDC Police Services Investigative Report 32-2017-066, which involves the investigation of the May 30, 2017, assault on Shuler. SCDC has designated this report as confidential. This document, which identifies Shuler's attackers, must be kept confidential for Shuler's safety, and the safety of his family. No less drastic alternative will offer adequate protection.

**Confidential List of Redacted Identifiers**

This document, which identifies Shuler's attackers, must be kept confidential for Shuler's safety, and the safety of his family. No less drastic alternative will offer adequate protection.

The factors of *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) and *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) generally support sealing of these records. Shuler seeks to seal these documents[1] to protect parties and witnesses from risk of harm, which is not an improper purpose. As set forth above, there is no less drastic measure, at least at this point in time, to provide this protection.

Pursuant to LCR 7.02, counsel for the Plaintiff has consulted with Defendants' counsel, who either consent (Rowley) or do not oppose (remaining Defendants) this motion. However,

---

[1] Shuler reserves the right to revisit the confidential nature of these documents later, particularly for trial and/or appeal.

after consultation Plaintiff's counsel discovered he had not disclosed he also sought to file pages 85, 92, & 93 of Rowley's deposition, page 167 of the Shuler I deposition, page 51 of Inmate 3's deposition, and bates 2290 of SCDC's response to Shuler's 1st subpoena. Due to the late hour of filing this motion, Shuler's counsel was not able to obtain consent as to these six pages.

## Conclusion

The documents specified should be filed under seal.

Dated: 05/12/2020

/s/ Jason Scott Luck
Jason Scott Luck (Fed Id. 9696)
jluck@garrettlawsc.com
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
843.554.5515 (phone)
843.747.3198 (telefax)
      and
J. Edward Bell, III (Fed. Id. 1280)
ebell@edbelllaw.com
Gabrielle A. Sulpizio (Fed. Id. 12715)
GSulpizio@edbelllaw.com
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC 29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
**Attorneys for Plaintiff**