UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Philip Shuler, | ) | C/A No.: 5:19-cv-126-SAL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON |
| | ) | MOTIONS TO FILE |
| | ) | DOCUMENTS UNDER SEAL |
| South Carolina Department of Corrections; Warden Donald Beckwith, individually and/or in his official capacity as warden at Wateree River Correctional Institution; Associate Warden Tonya James, individually and/or in her official capacity as associate warden and/or major of security at Wateree River Correctional Institution; and Major James Wakeley, individually, and/or in his official capacity as an employee of SCDC; and Shamika Rowley; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

This matter comes before the court on Defendant Rowley's Motion to File Under Seal, ECF No. 65, and Plaintiff's Motion to File Under Seal, ECF No. 66. Defendant Rowley filed her motion on April 28, 2020. ECF No. 65. She states that she has gained the consent of counsel for all parties. *Id.* at 1. Defendant Rowley moves for leave, pursuant to Local Civil Rule 5.03, to file under seal this Defendant's Exhibit E (Certain Deposition Excerpts that were Designated Confidential) to this Defendant's Motion for Summary Judgment (ECF No. 63). *Id.*

Plaintiff filed his Motion on May 12, 2020. ECF No. 66. Defendants' Response was due on May 26, 2020. *Id.* Defendants did not file a Response to Plaintiff's Motion.[1] In support of this Motion, Plaintiff maintains that the materials he wishes to seal represent documents some or

---

[1] Plaintiff asserts that he has consulted with Defendants' counsel, who either consent (Rowley) or do not oppose

all of the parties have deemed confidential under the current consent confidentiality order or disclosure of the information presented under the seal will result in an unreasonable risk to the safety of Plaintiff and/or his family. *Id.* at 1. The documents Defendant Rowley requests to seal are also a portion of the documents requested and incorporated in Plaintiff's Motion. Therefore, the undersigned will address both motions in this order.

Applicable law and the Local Rules of this court provide specific guidance regarding consideration of a motion to seal. *See* Local Civ. Rule 5.03 (D.S.C.) (setting out procedure to be followed in moving to seal documents filed with the court). In conducting its review, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218 F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by the parties' electronic filings of the motions to seal, which includes a non-confidential description of the documents it seeks to have filed under seal. ECF No. 66; 66-1. *See* Local Civ. Rule 5.03(D) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement). On April 28, 2020, Defendant Rowley filed her Motion to File Under Seal with

---

(remaining Defendants) this motion. ECF No. 66-1 at 4.     2

consent of all parties. ECF No. 65. Plaintiff filed his Motion on May 12, 2020, and no one, including Defendants, has opposed Plaintiff's Motion to Seal.

Regarding the remaining requirements, the court has reviewed the documents the parties seek to seal and finds that it is appropriate to grant Defendant Rowley and Plaintiff's motions. In conducting its review, the court considered less-drastic alternatives to sealing these exhibits but finds no reasonable less-drastic alternative available. The documents sought to be filed under seal contain or consist of excerpts of testimony the parties previously agreed to keep confidential, a declaration with a name redacted, Defendant Rowley's responses to discovery requests, excerpts from a SCDC Police Services Investigative Report, room records of inmates, and a confidential list of redacted identifiers. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court, therefore, **grants** Defendant Rowley's Motion to Seal, ECF No. 65, and Plaintiff's Motion to Seal, ECF No. 66. Certain documents referenced in Defendant's Motion for Summary Judgment, ECF No. 63, and in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, ECF No. 67, are to be filed under seal.

IT IS SO ORDERED.

June 1, 2020　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　United States Magistrate Judge