UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **Philip Shuler** | № 5:19-cv-126-SAL-KDW |
| Plaintiff, | |
| v. | **Fourth Amended Scheduling Order** |
| **South Carolina Department of Corrections**; **Warden Donald Beckwith**, individually and/or in his official capacity as warden at Wateree River Correctional Institution; **Associate Warden Tonya James**, individually and/or in her official capacity as associate warden and/or major of security at Wateree River Correctional Institution; **Major James Wakeley**, individually and/or in his official capacity as an employee of SCDC, and **Shamika Rowley**; | |
| Defendants. | |

This Court amends the Scheduling Order filed **March 17, 2020**, as follows:

1. Discovery: Discovery shall be completed no later than **August 30, 2020**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by the discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge West in an attempt to resolve the matter informally. The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion. Attorneys should send a request for a telephone conference via e-mail to** west_ecf@scd.uscourts.gov **The parties shall set forth their respective positions in their request.**

   **The parties have agreed amongst themselves that they may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected.** As this court has noted, "'[t]he use of discovery closure dates and deadlines for disclosure of experts are important tools for case management.'" *Boling ex rel. Boling v. Mohawk Indus., Inc.*, 3:09-46-JFA, 2010 WL 9944254, at *2 (D.S.C. Mar. 19, 2010) (quoting *Serrano–Perey v. F.M.C. Corp.,* 985 F.2d 625, 628 (1st Cir.

1993)). "When counsel chooses to flaunt the deadlines imposed by an order of this court, the Federal Rules of Civil Procedure, or the Local Civil Rules, he does so at his peril." *Id.* **Outside of the deadline established in this Order, discovery continues at the parties' "own peril," *Boling*, 2010 WL 9944254, and additional court resources will not be expended considering any additional, untimely raised disputes.** Continued involvement in discovery disputes would, by definition, continue to postpone further deadlines. Scheduling orders must mean something to parties, counsel, and the court. Scheduling orders are issued not only for orderly and timely work to be done by the attorneys and to provide a framework for deadline requirements that the parties may rely on, but also to serve the purpose of "efficient case management for the court such that the court will not be faced with discovery issues in an untimely fashion." *Campbell v. Gala Indus., Inc.*, 6:04-2036-RBH, 2006 WL 1285107, at *1 (D.S.C. May 5, 2006).

2. <u>Motions</u>: All dispositive motions, *Daubert* motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than *Daubert* motions), shall be filed on or before **August 19, 2020**.

3. <u>Mediation</u>: Mediation shall be completed in this case on or before **October 18, 2020**. *See* Judge Lydon's Standing Order to Conduct Mediation (setting forth mediation requirements).

4. <u>Pretrial Disclosures</u>: No later than **21 days before the date set for jury selection**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within 14 days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party, and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

5. <u>Motions in Limine</u>: Motions in limine must be filed no later than **14 days before the date set for trial**. Written responses are due 7 days after the motion is filed.

6. <u>Pretrial Briefs and Exhibits</u>: Parties shall furnish the Court pretrial briefs 7 days prior to the date set for jury selection.[1] Local Civil Rule 26.05 (D.S.C.). Attorneys shall meet at least 7 days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07 (D.S.C.).

7. <u>Jury Selection and Trial</u>: This case is subject to being called for jury selection and/or trial on or after **November 22, 2020**.

The parties' attention is specifically directed to Local Civil Rule 5.03 (D.S.C.) regarding the filing of confidential material. The parties' attention is also directed to the Court's website regarding instructions or other orders that may be applicable to your case.

---

[1] The pretrial brief information found in Local Civil Rule 26.05(A)–(M) (D.S.C.) shall be submitted only to the Judge's chambers. However, pretrial brief information contained in Local Civil Rule 26.05(N)–(O) (D.S.C.) shall be served on opposing parties.

_____

Dated: _____

_____, South Carolina

Pursuant to Local Civil Rule 83.I.06 (D.S.C.), this Order is being sent to local counsel only.