UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Philip Shuler, ) | C/A No.: 5:19-cv-00126-SAL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER ON |
| ) | MOTION TO FILE |
| ) | DOCUMENTS UNDER SEAL |
| South Carolina Department of Corrections, ) | |
| Warden Donald Beckwith, Associate ) | |
| Warden Tonya James, Major James ) | |
| Wakeley, and Shamika Ann Rowley, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Defendants South Carolina Department of Corrections ("SCDC"), Beckwith, James, and Wakeley's ("SCDC Defendants") Motion to File Under Seal, ECF No. 82, filed on August 4, 2020. SCDC Defendants indicate they have gained the consent of all parties to this motion. *Id.* at 1. SCDC Defendants move for leave, pursuant to Local Civil Rule 5.03, to file under seal to their Motion for Summary Judgment, ECF No. 80, certain Deposition Excerpts that were designated confidential. *Id.* SCDC Defendants maintain these deposition excerpts are subject to the Confidentiality Order entered in this case and dissemination of this testimony could endanger Plaintiff. ECF No. 82 at 1-2.

Applicable law and the Local Rules of this court provide specific guidance regarding consideration of a motion to seal. *See* Local Civ. Rule 5.03 (D.S.C.) (setting out procedure to be followed in moving to seal documents filed with the court). In conducting its review, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'"

(citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218 F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by the electronic filing of the Motion to Seal, which includes a non-confidential description of the documents SCDC Defendants seek to have filed under seal. ECF No. 82. *See* Local Civ. Rule 5.03(D) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement).

Regarding the remaining requirements, the court has reviewed the documents SCDC Defendants seek to seal and finds that it is appropriate to grant their motion. In conducting its review, the court considered less-drastic alternatives to sealing these exhibits but finds no reasonable less-drastic alternative available. The documents sought to be filed under seal consist of excerpts of testimony the parties previously agreed to keep confidential. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court, therefore, **grants** SCDC Defendants' Motion to Seal, ECF No. 82. The deposition excerpts referenced in SCDC Defendants' Motion for Summary Judgment as ECF No. 80-8 will be filed under seal.

IT IS SO ORDERED.

August 27, 2020  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge